# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| Rembrandt Patent Innovations, LLC and Rembrandt Secure Computing, LP, | § § § | Civil Action No. 2:14-cv-00015 |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL REQUESTED |
| Apple Inc. | § § | |
| Defendant. | § § § | |

## DEFENDANT APPLE INC.'S MOTION TO TRANSFER VENUE

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. RELEVANT FACTUAL BACKGROUND.......................................................................... 1

   A. Apple Has No Relevant Connection to this District ............................................... 1

   B. Plaintiffs Have No Relevant Connection to this District ....................................... 3

   C. Third Party Documents and Witnesses Are Located in California ...................... 3

III. ARGUMENT....................................................................................................................... 5

   A. Rembrandt Could Have Filed this Case in the Northern District of California................. 5

   B. The Private Factors Weigh Strongly in Favor of Transfer .................................. 6

      1. The Relative Ease of Access to Sources of Proof in the Northern
District of California Weighs Strongly in Favor of Transfer.......................... 6

      2. The Availability of Compulsory Process to Secure the Attendance of
Witnesses Favors Transfer.............................................................................. 8

      3. Cost of Attendance for Willing Witnesses Favors Transfer .......................... 9

      4. No Practical Problems Weigh Against Transfer............................................ 10

   C. Taken Together, The Public Factors Weigh in Favor of Transfer................................... 10

      1. The Northern District of California Has a Substantial Connection to
and Local Interest in the Adjudication of This Case....................................... 11

      2. The Administrative Difficulties Flowing From Court Congestion is Neutral .............. 12

      3. The Familiarity of the Forum With the Law That Will Govern This
Case and the Avoidance of Unnecessary Problems of Conflicts of Law Are Neutral
Factors............................................................................................................. 12

IV. CONCLUSION................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Droplets, Inc. v. E*TRADE Financial Corp.*,
    No. 2:11-cv-00255-MHS-CMC, 2012 WL 3133398 (E.D. Tex. Mar. 5, 2012)......................11

*EON Corp. IP Holdings, LLC v. Sensus, USA, Inc.*,
    No. 2:10-cv-448-DF, 2012 WL 122562 (E.D. Tex. Jan. 9, 2012)..........................................11

*Hanby v. Shell Oil Co.*,
    144 F. Supp. 2d 673 (E.D. Tex. 2001)..................................................................................8

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010)............................................................................................10

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)......................................................................9, 11, 12, 13, 15

*In re Hoffman-La Roche, Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009)............................................................................................14

*In re Horseshoe Entm't*,
    337 F.3d 429 (5th Cir. 2003) ...........................................................................................9, 13

*In re Nintendo*,
    589 F.3d 1194 (Fed. Cir. 2009)........................................................................9, 10, 11, 12, 14

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)........................................................................................8, 15

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) (en banc) ("*Volkswagen II*") .....................................8, 12, 13, 14

*In re Volkswagen of Am., Inc.*,
    566 F.3d 1349 (Fed. Cir. 2009)............................................................................................13

*Innovative Global Systems LLC v. OnStar LLC*,
    No. 6:10-cv-574, 2012 U.S. Dist. Lexis 114504 (E.D. Tex. Feb. 14, 2012) ...........................15

*Laitram Corp. v. Hewlett-Packard Co.*,
    120 F. Supp. 2d 607 (E.D. La. 2000)...................................................................................12

*Promote Innovation LLC v. Schering Corp.*,
    No. 2:10-cv-248, 2011 WL 665817 (E.D. Tex. Feb. 14, 2011).............................................12

*Refined Recommendation Corp. v. Netflix, Inc.*,
    No. 07-cv-04981 (DMC), 2008 WL 474106 (D.N.J. Feb. 15, 2008) .........................................9

**STATUTES**

28 U.S.C. § 1400(b) ................................................................................................................9

28 U.S.C. § 1404(a) ........................................................................................................ passim

## I. INTRODUCTION

Defendant Apple Inc. ("Apple") respectfully asks the Court to transfer this matter to the Northern District of California under 28 U.S.C. § 1404(a). Transfer is appropriate because the majority of relevant witnesses and documents are located in the Northern District of California and the parties, and known third-party witnesses, have no ties to the Eastern District of Texas related to this litigation. In short:

- Apple is headquartered in the Northern District of California and maintains its relevant technical documents, evidence, and witnesses there;

- Rembrandt Patent Innovations, LLC and Rembrandt Secure Computing, LP (together, "Rembrandt") each has its principal place of business in Bala Cynwyd, Pennsylvania; and

- Rembrandt has alleged willful infringement based upon the actions of third-party attorneys who prosecuted patents and patent applications on behalf of Apple, many of whom reside in Northern California.

## II. RELEVANT FACTUAL BACKGROUND

### A. Apple's Relevant Information is Located in the Northern District of California

The patent-in-suit centers around a particular method for securely booting a computer and if the boot process fails, restoring boot components from a trusted repository. (Declaration of Mark C. Scarsi in Support of Defendant Apple Inc.'s Motion to Transfer Venue ("Scarsi Decl.") ¶ 2, Ex. A at col. 4:33–51.) Rembrandt alleges that Apple infringes the patent-in-suit by "importing, making, using offering for sale, and/or selling" certain iPhone, iPod touch, iPad, and iPad mini products (the "Accused Products"). (ECF No. 1 ¶ 11.) Rembrandt further alleges that "Apple's servers and other Apple electronic devices that support iTunes functionality, and any Apple electronic devices configured or adapted to operate with Apple's iPhone OS or iOS" (the "Accused Systems") also infringe the patent-in-suit. (*Id.*)

Apple is headquartered in Cupertino, California. (Declaration of Mark Buckley in Support of Defendant Apple Inc.'s Motion to Transfer Venue ("Buckley Decl.") ¶ 3.) The primary research, design and development activities, facilities and engineers for the Accused Products and Accused Systems are located in Cupertino, California and surrounding areas. (Buckley Decl. ¶¶ 4–5.)

The operation, marketing, sales, pricing and finance decisions for Apple also occur in California. (Buckley Decl. at ¶ 6.) The overwhelming majority of Apple's employees knowledgeable about the design and operation of the Accused Products and Accused Systems, including their research and development, work at facilities in Cupertino and the surrounding area. (*Id.* ¶ 7.) For example, Dallas De Atley is the Manager of the Embedded System Services group. (*Id.* ¶ 9.) The Embedded Systems Services group is part of Apple's Core OS group which is the group of engineers responsible for the Operating Systems in all the Apple products, including the Accused Products. (*Id.* ¶ 10.) Mr. De Atley oversees a team of 59 engineers. Members of his team are responsible for the software restore technology via iTunes for the Accused Products. (*Id.* ¶ 11.) Mr. De Atley and 52 members of his team are headquartered in Cupertino, California. (*Id.* ¶ 12.) The remaining 7 team members all reside outside of the United States. (*Id.*) All documentation related to Mr. De Atley's group is generated and accessed on computers and in offices located primarily in Cupertino, California. (*Id.* ¶ 13.)

Similarly, Jon Andrews is the Director of the Core Platform group which is also part of Core OS. (Buckley Decl. ¶ 14.) Mr. Andrews oversees a team of 126 engineers, including, for example, Adam Machalek. Members of Mr. Andrews' team (including Adam Machalek) work on the secure booting process for Apple mobile devices. (*Id.* ¶ 15.) Messrs. Andrews and Machalek and 117 members of their team are headquartered in Cupertino, California. (*Id.* ¶ 16.)

The remaining 9 team members all reside outside of Texas. (*Id.* ¶ 17.) All documentation related to their group is generated and accessed on computers and in offices located in Cupertino, California. (*Id.* ¶ 18.) Thus, all of Apple's relevant documents and witnesses are located in the Northern District of California.

Apple does not maintain a corporate or engineering office in this District. (Buckley Decl. ¶ 21.) Apple likewise has no employees with material knowledge about the facts likely to be at issue in this case in the Eastern District of Texas. (*Id.* ¶ 22.) Nor does Apple have any facilities elsewhere in Texas involved in the design or development of the secure booting process and Software Restore technology in the Accused Products or Accused Systems. (*Id.* ¶ 23.)

### B. Plaintiff Rembrandt Has No Connection to this District

Neither Rembrandt Patent Innovations, LLC nor Rembrandt Secure Computing, LP has any relevant connection to this District. Both Rembrandt entities are based in Bala Cynwyd, Pennsylvania. (ECF No. 1 ¶¶ 1–2.) To the best of Apple's knowledge, the Rembrandt entities do not have any offices or employees in the District. (*See* Scarsi Decl. ¶ 5.)

### C. Rembrandt's Claims Have No Particular Connection to this District

Rembrandt has not alleged any Texas state law claims in its Complaint and its patent infringement claims have no particular connection to this District. Further, none of the named inventors of the patent-in-suit—William A. Arbaugh, David J. Farber, Angelos D. Keromytis, and Jonathan M. Smith—reside in this District. To the best of Apple's knowledge, the inventors reside in Columbia, Maryland, Pittsburgh, Pennsylvania, New York, New York, and Philadelphia, Pennsylvania. (*See* Scarsi Decl. ¶ 4.) To the best of Apple's knowledge, there are no Rembrandt witnesses or evidence located in this District (*See* Scarsi Decl. at ¶ 5.)

### D. Third Party Documents and Witnesses Are Located in California

Rembrandt has alleged that Apple willfully infringes the patent-in-suit because third-

party attorneys who prosecuted patents on behalf of Apple listed the patent-in-suit as prior art in certain Apple patent applications. (ECF No. 1 ¶¶ 19–20.) Rembrandt identified three patents and four patent applications that it alleges identified the patent-in-suit as prior art.[1] (ECF No. 1 ¶ 19.) Each of those patents and applications was prosecuted by attorneys and patent agents who work and/or reside in the Northern District of California.

For example, Terry T. Chiang and Michael Ferrazano of the law firm Womble Carlyle Sandridge and Rice LLP ("Womble") prosecuted U.S. Patent Application No. 13/566,969. (Scarsi Decl. ¶ 7.) Dr. Chiang and Mr. Ferrazano are both listed on the Womble website as residents of the firm's Silicon Valley office. (*Id*. ¶¶ 8–9, Exs. B–C.) Dr. Chiang also prosecuted U.S. Patent Application No. 13/558,249 with Ernest Ellenberger, also of Womble. (*Id*. ¶ 10.) According to LinkedIn, Mr. Ellenberger lives in the San Francisco Bay Area. (*Id*. ¶ 11, Ex. D.) The three patents identified in Rembrandt's Complaint—U.S. Patent No. 8,239,688, U.S. Patent No. 8,254,568, and U.S. Patent No. 8,291,480—were primarily prosecuted by Kevin Shao and James Scheller of the law firm Blakely Sokoloff Taylor and Zafman LLP ("Blakely"). (*Id*. ¶ 12.) According to the Blakely website, Messrs. Scheller and Shao are partners in Blakely's Silicon Valley office in the Northern District of California. (*Id*. ¶¶ 13–14, Exs. E–F.) Mr. Scheller also prosecuted the two remaining applications cited in Rembrandt's Complaint: Application Nos. PCT/US2007/026277 and PCT/US2007/026279. (*Id*. ¶ 15.)

For each of these witnesses, any documents or other evidence of his knowledge of the patent-in-suit (if any) and his communications with Apple (if any) would likewise exist in the Northern District of California. To the best of Apple's knowledge, there are no third-party witnesses or evidence located in this District.

---

[1] Apple reserves the right to object to the sufficiency of these allegations to form the basis of a claim for willfulness.

## III. ARGUMENT

Under Section 1404(a), a civil action may be transferred "[f]or the convenience of parties and witnesses, in the interests of justice" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A party seeking transfer must show "good cause" and if "the transferee venue is clearly more convenient," a transfer should be ordered. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). A court abuses its discretion if it does not transfer a case to a transferee forum that is "clearly more convenient." *Id.* at 315; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). To determine if another district is clearly more convenient, the Fifth Circuit instructs a district court to weigh a number of private and public factors. *Id.* None of the factors is dispositive. *Id.* The private factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* In considering the factors, a plaintiff's venue choice is particularly unimportant "when none of the parties reside in this division of this District." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 677 (E.D. Tex. 2001) (citations omitted).

### A. Rembrandt Could Have Filed this Case in the Northern District of California

The threshold inquiry for a Section 1404(a) transfer analysis is whether the plaintiff could have filed the action in the judicial district to which transfer is sought. *In re Horseshoe Entm't*,

-5-

337 F.3d 429, 433 (5th Cir. 2003). It is indisputable that Rembrandt could have brought this case against Apple in the Northern District of California. Apple is headquartered in Cupertino, California within the bounds of the Northern District of California. And venue is proper within that district because a plaintiff may bring a civil action "in the judicial district where the defendant resides. . . ." 28 U.S.C. § 1400(b).

> **B.** **The Private Factors Weigh Strongly in Favor of Transfer**

All of the private factors weigh in favor of transferring this case to the Northern District of California. The Northern District of California is the most accessible venue for likely sources of evidence, it has compulsory power over critical third party witnesses, and it is more easily accessible by witnesses than this District.

> **1.** **The Relative Ease of Access to Sources of Proof in the Northern District of California Weighs Strongly in Favor of Transfer**

Transfer is warranted where, as here, most sources of proof of alleged infringement are located in the transferee forum. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor [of] transfer to that location." *In re Nintendo*, 589 F.3d 1194, 1199 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *Refined Recommendation Corp. v. Netflix, Inc.*, No. 07-cv-04981 (DMC), 2008 WL 474106, at *4 (D.N.J. Feb. 15, 2008) ("[A]s a general rule, the preferred forum is that which is the center of gravity of the accused activity."). Courts presume that such documents reside at a party's corporate headquarters. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010).

The majority of the relevant documents, therefore, will be found in the Northern District of California. Apple maintains its corporate headquarters in the Northern District of California. (Buckley Decl. ¶ 3.) The relevant documents and evidence regarding the operation, structure,

function, marketing, and sales of the Accused Products and Accused Systems are located there. (*Id*. ¶¶ 6, 8.) Indeed, most of the documentary and source code evidence relating to the Accused Products and Accused Systems resides on servers in the Northern District of California. (*See id*. ¶¶ 13, 18.) Further, Apple has identified three witnesses—Messrs. De Atley, Andrews, and Machalek—who work on the Accused Products and the Accused Systems and are based in Cupertino, California. Messrs. De Atley and Andrews oversee teams of 59 and 126, respectively the vast majority of whom work on the Accused Products and Accused Systems in Cupertino, California. (*Id.* ¶¶ 10-13.) It would be inconvenient for these Apple witnesses to have to travel to the Eastern District of Texas for trial. And there are no relevant Apple witnesses or documents in the Eastern District of Texas. (*Id*. ¶¶ 22–25.) Thus, the majority of relevant documents and evidence will be located in the Northern District of California.

Moreover, Apple has identified significant third-party evidence that exists in the Northern District of California. Such third-party witnesses include the five attorneys and patent agents who prosecuted certain Apple patents that form the basis for Rembrandt's allegations of willfulness. These attorneys and patent agents are all located in the Northern District of California. (Scarsi Decl. ¶¶ 6–15.) It would be inconvenient for these third-party witnesses to have to travel to the Eastern District of Texas for trial. In view of these third-party witnesses located in the Northern District of California, transfer to that venue is appropriate. *See In re Nintendo Co.*, 589 F.3d at 1198 (third party witnesses located closer to the transferee venue weighs in favor of transfer).

Similarly, to the best of Apple's knowledge, there are no Rembrandt or third-party witnesses or evidence located in this District. (Scarsi Decl. ¶ 5.) Both Rembrandt entities are based in Pennsylvania and Rembrandt did not identify any witnesses in its Complaint who reside

in this District. And to the best of Apple's knowledge, the inventors reside in Columbia, Maryland, Pittsburgh, Pennsylvania, New York, New York, and Philadelphia, Pennsylvania. (*Id.* ¶ 4.) Indeed, Apple is not aware of any potential witnesses who reside in the Eastern District of Texas.[2] Because there are significant witnesses and evidence located in the Northern District of California, and no known witnesses or evidence are located within this District, transfer is warranted. *See In re Nintendo Co.*, 589 F.3d at 1198 ("This court has held and holds again in this instance that in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by plaintiff, the court should grant a motion to transfer.").

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses Favors Transfer

"The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, ***and not only slightly***." *In re Genentech Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). When a case, such as this one, centers around highly technical issues, courts have held that "it is more than just important that the jury see and hear the live testimony of material witnesses. It is essential to the cause of justice itself." *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 610 (E.D. La. 2000).

As noted above, there are significant third-party witnesses located in the Northern District of California. Indeed, the attorneys who prosecuted certain Apple patents that form the basis for Rembrandt's allegations of willfulness are located in the Northern District of California.

---

[2] Even though the Eastern District of Texas is mid-way between the Northeast (where the inventors and the attorneys who prosecuted the patent in suit reside) and the Northern District of California on a map, the "Eastern District of Texas' centralized location" cannot be relied upon as a reason to deny transfer." *See EON Corp. IP Holdings, LLC v. Sensus, USA, Inc.*, No. 2:10-cv-448-DF, 2012 WL 122562, at *4 (E.D. Tex. Jan. 9, 2012) (quoting *In re Genentech,* 566 F.3d at 1344); *see also Droplets, Inc. v. E*TRADE Financial Corp.*, No. 2:11-cv-00255-MHS-CMC, 2012 WL 3133398, at *2 (E.D. Tex. Mar. 5, 2012) (same).

Though either district can compel the deposition testimony of these witness, only the Northern District of California can compel these witnesses to testify live at trial. Because of the technical nature of these witnesses' expected testimony, Apple would be highly prejudiced if forced to rely on the deposition testimony of these witnesses at trial. *See Laitram Corp.*, 120 F. Supp. 2d at 610. Apple is not aware of any non-party witness under the direct trial subpoena power of this Court.

### 3. Cost of Attendance for Willing Witnesses Favors Transfer

A transfer to the Northern District of California would substantially reduce the cost and burden of attendance at trial for both party and non-party witnesses. *Promote Innovation LLC v. Schering Corp.*, No. 2:10-cv-248, 2011 WL 665817, at *3 (E.D. Tex. Feb. 14, 2011). "The convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genentech*, 566 F.3d at 1343; *In re Nintendo, Co.*, 589 F.3d at 1198–99 (weighing the travel burden and disruption to work and family for those who must attend trial). In assessing this factor, the Court in *Volkswagen II* instructed that, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." 545 F.3d at 317. The existence of direct flights can impact the convenience of a particular forum because of travel time. *Volkswagen I*, 371 F.3d at 204 n.3. Thus, regardless of the "straight line" distances calculated for the "100 mile rule," if "travel time" distances favor the transferee venue, this factor will favor transfer. *Id.* This factor also favors transfer when a "substantial number of material witnesses reside within the transferee venue" and no witnesses reside in the transferor venue, regardless of whether the transferor venue would be more convenient for all of the witnesses. *In re Genentech,* 566 F.3d at 1344–45.

In this case, many of the likely trial witnesses—including the Apple employees and third-party witnesses identified by Apple in this Motion—reside in the Northern District of California. Thus, the cost of trial attendance for those witnesses will be less expensive, and the ease with which they will be able to attend trial will be greater, if the case is transferred to the Northern District of California. Further, the location of Rembrandt and the inventors does not counsel against transfer. Indeed, the distance for any Rembrandt witness and the inventors is neutral to this analysis because both districts are well beyond 100 miles from the Northeast United States and any additional inconvenience between Texas and California is minimal. *See Volkswagen I*, 371 F.3d at 204 n.3. Thus, the Northern District of California is more convenient for the relevant witnesses.

### 4. No Practical Problems Weigh Against Transfer

There are no practical problems that weigh against transfer. The case is in its early stages, and no discovery has taken place. *Cf. In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (holding that this factor weighs against transfer when the Court is already familiar with the factual issues); *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003) (holding that delay associated with transfer is relevant only "in rare and special circumstances" that are "established by clear and convincing evidence"). Further, the patent-in-suit has not been previously asserted in this District so there is no particular judicial inefficiency implicated by a potential transfer.

### C. Taken Together, The Public Factors Weigh in Favor of Transfer

Each of the public concerns in this case either weigh in favor of transfer or are neutral. The local interest of having the case decided in the Northern District of California favors transfer. The familiarity of both venues with the law that will govern this case and the absence

of any conflict of laws are factors that neither weigh in favor of transfer nor against it. Thus, as a whole, the public factors analysis weighs in favor of transfer.

> **1.      The Northern District of California Has a Substantial Connection to and Local Interest in the Adjudication of This Case**

Because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation," a transferor district with no "factual connection" to the events of the case weighs in favor of transfer. *Volkswagen I*, 371 F.3d at 206. If there are significant connections between a venue and the events that gave rise to the suit, this factor should be weighed in favor of that venue. *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). The sale of the accused product in the transferor district is not considered a local interest of that district if the sale of the accused product happens in "virtually to any judicial district or division in the United States" as the interest is not unique to any venue. *Volkswagen II*, 545 F.3d at 318. Moreover, the Federal Circuit has rejected any argument that citizens of the chosen forum have a "substantial interest" in adjudicating a case locally because some allegedly infringing products found their way into the district. *In re Nintendo*, 589 F.3d at 1198 (citing *Volkswagen II*, 545 F.3d at 317–18).

The Northern District of California has significant factual connections to this case: Apple, the Defendant, was founded in the Northern District of California, is headquartered there, and develops the Accused Products and Accused Systems there. (Buckley Decl. ¶¶ 3–5.) By contrast, this District has little factual connection to this case other than the sale of Accused Products in the district. However, because the Accused Products are sold throughout the country, the fact that they are sold in this District does not indicate a specific local interest. Thus, this factor heavily weighs in favor of transfer. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2009) (local interest factor favored the transferor venue when "the vast

majority of identified witnesses, evidence, and events leading to [the] case" were located in and around that venue).

### 2. The Administrative Difficulties Flowing From Court Congestion is Neutral

Both the Northern District of California and the Eastern District of Texas are busy districts with full dockets. The Federal Court Management Statistics for 2013 show that the Northern District of California has a slightly faster time from filing to disposition for civil cases than does the Eastern District of Texas (7.6 months versus 8.9 months) and the Eastern District of Texas has a faster time to trial (20.5 months versus 27.4 months). (Scarsi Decl. ¶¶ 16–17, Exs. G–H.) Both districts have detailed local patent rules and scheduling orders to avoid congestion and keep patent actions on track to timely resolution. And, in any event, "when, as here, several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those factors." *In re Genentech*, 566 F.3d at 1347. This is especially true because, "as this Court has repeatedly found in the past, the parties' reliance on general civil statistics provides the court with little guidance as to the speed with which *patent* cases reach trial." *Innovative Global Systems LLC v. OnStar LLC*, No. 6:10-cv-574, 2012 U.S. Dist. Lexis 114504, *25 (E.D. Tex. Feb. 14, 2012) (emphasis in original). In sum, this factor is neutral to the transfer analysis.

### 3. The Familiarity of the Forum With the Law That Will Govern This Case and the Avoidance of Unnecessary Problems of Conflicts of Law Are Neutral Factors

The third and fourth public interest factors are both neutral here. This is a patent infringement case governed by federal law, so both districts are familiar with the law that will govern this case. For instance, both districts have local rules that streamline patent cases.

Further, there are no state law claims asserted nor any conflict of law or foreign law issues. These factors are neutral and weigh neither in favor of nor against transfer.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant Apple respectfully requests that this Court transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

DATED:  March 5, 2014                    Respectfully submitted,


By:  /s/ Mark C. Scarsi
Mark C. Scarsi (*admitted Pro Hac Vice*)
mscarsi@mibank.com
Christopher J. Gaspar (*admitted Pro Hac Vice*)
cgaspar@mibank.com
Miguel Ruiz (*admitted Pro Hac Vice*)
mruiz@milbank.com
Hannah Cannom (*admitted Pro Hac Vice*)
hcannom@milbank.com
Ashlee N. Lin (*admitted Pro Hac Vice*)
ashlee.lin@milbank.com
MILBANK, TWEED, HADLEY &MCCLOY LLP
601 South Figueroa Street, 30th Floor
Los Angeles, California 90017-5735
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

Melissa Smith (Bar No. 24001351)
melissa@gillamsmithlaw.com
GILLAM&SMITH L.L.P
303 S. Washington Ave
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

***Attorneys for Defendant Apple Inc.***

**CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 5th day of March, 2014 per Local Rule CV-5(a)(3).

                                                  /s/ Mark C. Scarsi
                                                  Mark C. Scarsi

**CERTIFICATE OF CONFERENCE**

      On January March 15, 2014, counsel for Apple, conferred with counsel for Wi-LAN regarding the foregoing motion. Counsel for Wi-LAN indicated that they were opposed to the relief sought herein.

                                                  /s/ Melissa Smith
                                                Melissa Smith