# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| Rembrandt Patent Innovations, LLC and Rembrandt Secure Computing, LP, | § § § | Civil Action No. 2:14-cv-00015 |
| Plaintiffs, | § § | |
| v. | § § | JURY TRIAL REQUESTED |
| Apple Inc. | § § | |
| Defendant. | § § § | |

# **DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

## I. INTRODUCTION

Rembrandt's Opposition bypasses the substance of the transfer analysis and instead focuses on ancillary assertions that have nothing to do with the case. While Apple supported its motion with specific evidence of party and third-party witnesses who reside in the Northern District of California ("ND Cal") and would find that a more convenient forum, Rembrandt failed to cite any facts tending to show that the Eastern District of Texas is a convenient forum for this case. In light of the weight of the evidence on record, the Court should transfer this case to ND Cal.

## II. PRIVATE INTEREST FACTORS FAVOR TRANSFER TO ND CAL
### A. Rembrandt Fails to Identify Any Relevant Evidence Located in this District

Rembrandt's Opposition supposes that certain third-party documents are *potentially* located in Texas and *may* be relevant to this case. But mere supposition cannot overcome clear evidence supporting transfer. Rembrandt states that Texas Instruments is "Dallas-*based*" and manufactures chips that "*may* implement certain features that are relevant to this case," but Rembrandt provides no factual support to conclude that Texas Instruments would actually have relevant evidence in Texas. (Opp. at 6, emphases added). Similarly, Rembrandt states that Samsung "manufactures every A-series application processor in the accused devices in Austin," but fails to support this this statement with evidence or show why, if true, this fact would be relevant to the transfer calculus. (Opp. at 5.) The claims at issue appear to relate to the iOS software's start-up process, not to specific hardware components. (*See* ECF No. 1 at ¶ 11.)

Likewise, Rembrandt fails to show how Intrinsity's alleged involvement in the designing of "portions of the processors in Apple's accused products" would lead to relevant evidence in Texas. (Opp. at 5.) Rembrandt sets forth no facts to show that Intrinsity designed relevant portions of the processor, or even that something particular about the processor is relevant (as

opposed to the simple fact that there is a processor). Additionally, Rembrandt's assertion that Apple's Dallas distributor is "*likely* to have information bearing on damages" (Opp. at 6) is wholly unsupported and further illustrates Rembrandt's inability to show a relevant connection between Texas and its claims in this case.[1] Tellingly, Rembrandt fails to identify *any* relevant witness associated with these third parties who resides in Texas. In contrast to Rembrandt's speculation, Apple submitted a sworn declaration that Apple has no Texas facilities "involved in the design and development of the software in the secure booting process and Software Restore technology in the Accused Systems or the Accused Products." (ECF No. 22, Ex. A at ¶¶ 22–24.)

      **B.    Apple Will Have Most of the Relevant Evidence in ND Cal**

Rembrandt argues that because Apple is "technologically proficient[,]" this Court need not conclude that the "relative ease of access to sources of proof" favors transfer to ND Cal. Rembrandt misunderstands the law. (Opp. at 10.) "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer [and] the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). Such documents are presumed to reside at a party's corporate headquarters. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). And here, Apple's declaration confirms exactly that. Rembrandt does nothing to rebut the case law presumption, let alone the declaratory support Apple provided.

---

[1] *See Blackhawk Consulting, LLC v. Fed. Nat'l Mortg. Ass'n*, No. 1:13-cv-13, 2013 WL 5428770, at *4 (D.D.C. Sept. 30, 2013) (citing *Clark v. Sprint Spectrum L.P.,* No. 10-03625 SI, 2010 WL 5173872, at *4 (N.D. Cal. Dec. 15, 2010) (granting motion to transfer because plaintiff offered only "speculative and general predictions" regarding witnesses and their anticipated testimony)).

### C. Location of Relevant Witnesses Favors Transfer

Rembrandt all but ignores the specific Apple witnesses identified who reside in Cupertino and work on the Accused Products and Accused Systems. (*See* Mot. at 2.) Rembrandt does not, and cannot, dispute that Messrs. De Atley and Andrews work on the Accused Products and Accused Systems, reside in Cupertino, and oversee teams of 59 and 126 engineers respectively— the vast majority of whom live and work in ND Cal. None of Messrs. De Atley and Andrews' team members live in Texas, let alone in the Eastern District of Texas. (*See* ECF No. 22, Ex. A at ¶¶ 22–24.) Instead, Rembrandt attempts to neutralize this factor by claiming that, based on its "recent litigation history," Apple is unlikely to call any of its witnesses live at trial. (Opp. at 9.) Not only is this assertion pure speculation, it is untrue, as in Apple's two most recent jury trials (one in this District), Apple relied on the live testimony of multiple Apple witnesses.[2]

Rembrandt also claims that the location of the prosecuting attorneys for certain Apple patents in ND Cal bears "little weight" in the transfer analysis.[3] (Opp. at 1.) However, Rembrandt's Complaint alleges willfulness based on actions by these prosecuting attorneys during the prosecution of Apple patents.[4] Rembrandt cannot seriously contend that testimony from individuals identified in its Complaint would not be relevant to the issues in this case.

---

[2] In *Wi-LAN, Inc. v. HTC Corp., et al.*, Apple called two of its own fact witnesses live at trial. *See* E.D. Tex. Case No. 2:11-cv-0068, ECF No. 631. In *NetAirus Techs., LLC v. Apple Inc.*, Apple called two of its own fact witnesses live at trial. *See* C.D. Cal. Case No. 2:10-cv-3257, ECF Nos. 629, 640.

[3] Rembrandt cites to *MHL Tek, LLC v. Nissan Motor Co.*, No 2:07-cv-289, 2009 WL 440627, at *4 (E.D. Tex. Feb. 23, 2009) for the proposition that the location of these witnesses should be disregarded because they have not stated that they will not attend trial in the Eastern District of Texas. (Opp. at 8–9.) But that is irrelevant to the transfer analysis and ignores the cost and inconvenience that these witnesses will bear if this case is not transferred. The identification of these witnesses clearly weighs in favor of transfer of this case to ND Cal.

[4] *See* ECF No. 1 at ¶ 19: "During the prosecution of Apple's own patents and patent applications, Apple has responded to Office Actions rejecting Apple's then-pending claims in view of the '678 Patent."

Furthermore, Rembrandt misstates the convenience of this District for the inventors and prosecuting counsel for the patents-in-suit. As Rembrandt knows, although the Eastern District of Texas is roughly 1,500 miles for these witnesses to travel, whereas ND Cal is 3,000 miles, travel time to the two districts from anywhere on the East Coast is roughly similar. Indeed, direct flights from San Jose to Boston, for example, take only five and a half hours. If a witness is instead flying from Boston to Dallas and driving to this District, his flight would be roughly four hours before his 100-mile drive from Dallas to this District. Accordingly, the travel of these witnesses to trial in ND Cal is not more inconvenient than travel to this District.[5]

### D. Rembrandt's Citation to the *VirnetX* Litigation Is Irrelevant

Apple acknowledges that it is a frequent litigant in this District and that there are cases in which this District has balanced the factors and found transfer inappropriate. Nevertheless, Rembrandt's citation to the *VirnetX* litigation is a red herring.[6]

As a preliminary matter, in the testimony cited from the *VirnetX* litigation, the Apple witness does not concede that the Eastern District of Texas is convenient; he merely states that it is not "any less convenient than any other place [Apple] go[es]." (Opp. at 4.) *See also VirnetX Inc. v. Apple Inc.*, E.D. Tex. Case No. 6:10-cv-417, ECF No. 613 at 38:21–22. Further, the Apple witness notes there is an inconvenient "time trade off" required when Apple employees who are supposed to be working on products have to instead travel to Texas. (Opp. at 3 ("You know, at the same time, I think we have a lot of people that are working on products; and we

---

[5] Courts have routinely recognized that merely filing a suit in a location equidistant to two parties does not defeat transfer to a more convenient venue. *In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (where witnesses resided on the East Coast and in Iowa, improper for court in the middle of the country to use its central location as factor in denying transfer).

[6] Similarly, Rembrandt's statement that transfer is appropriate because Apple has filed suit in this District is unavailing. *See Genentech*, 566 F.3d at 1346 (holding that it was clear error for the lower court to consider defendant's previous decision to file suit in the Eastern District of Texas as a relevant factor in the transfer analysis for the present case).

-4-

would like to focus on those products. And there's definitely a time trade off.").) Such statements clearly do not encompass a concession that the Eastern District of Texas is the most convenient forum for this litigation.[7]

More importantly, Rembrandt's reliance on these statements warps the transfer analysis, which requires consideration of the convenience of specific witnesses who are likely to provide testimony relevant to the case at bar; statements made by an unrelated witness in an unrelated litigation have no bearing on the analysis.

## III. PUBLIC INTEREST FACTORS FAVOR TRANSFER TO ND CAL

Rembrandt's arguments that this case cannot be transferred because of the tax incentives that Texas provides to Apple and its vague allegations of potential documents and witnesses in Texas are misplaced. Indeed, and as explained *supra*, Rembrandt fails to provide any concrete evidence that such incentives and documents bear *any relevance* to the present dispute or the transfer analysis. Nor does Rembrandt even attempt to compare incentives offered in California to those offered by Texas, or even why such incentives should be properly considered here.

## IV. CONCLUSION

For the foregoing reasons, Defendant Apple respectfully requests that this Court transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

---

[7] Rembrandt's reliance on *Volkswagen II* for the proposition that a party should be held to a prior concession that a particular forum is not convenient (Opp. at 9) is erroneous. More accurately, the Fifth Circuit in *Volkswagen II* held the plaintiff to an admission made before the district court that the new forum was not inconvenient. Rembrandt's extension of this holding to a requirement that the statements at a trial by a corporate representative can bind a company to never argue that a forum is inconvenient is misleading.

DATED: April 3, 2014	Respectfully submitted,

By: /s/ Mark C. Scarsi
　　Mark C. Scarsi (*admitted Pro Hac Vice*)
　　mscarsi@mibank.com
　　Christopher J. Gaspar (*admitted Pro Hac Vice*)
　　cgaspar@mibank.com
　　Miguel Ruiz (*admitted Pro Hac Vice*)
　　mruiz@milbank.com
　　Hannah Cannom (*admitted Pro Hac Vice*)
　　hcannom@milbank.com
　　Ashlee N. Lin (*admitted Pro Hac Vice*)
　　ashlee.lin@milbank.com
　　MILBANK, TWEED, HADLEY &MCCLOY LLP
　　601 South Figueroa Street, 30th Floor
　　Los Angeles, California 90017-5735
　　Telephone: (213) 892-4000
　　Facsimile: (213) 629-5063

　　Melissa Smith (Bar No. 24001351)
　　melissa@gillamsmithlaw.com
　　GILLAM & SMITH L.L.P
　　303 S. Washington Ave
　　Marshall, Texas 75670
　　Telephone: (903) 934-8450
　　Facsimile: (903) 934-9257

　　***Attorneys for Defendant Apple Inc.***

## CERTIFICATE OF SERVICE

       I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 3rd day of April, 2014 per Local Rule CV-5(a)(3).

                                                /s/ Mark C. Scarsi
                                                Mark C. Scarsi