**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT PATENT INNOVATIONS, LLC, and REMBRANDT SECURE COMPUTING, LP, | § § § § § | |
| *Plaintiffs*, | § | CASE NO. 2:14-CV-0015-JRG |
| | § | |
| *v.* | § | |
| | § | |
| APPLE, INC., | § | |
| | § | |
| *Defendant*. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Apple, Inc.'s ("Apple") Motion to Transfer Venue (Dkt. No. 22), filed March 22, 2014. Apple asks the Court to transfer this case to the United States District Court for the Northern District of California (NDCA). For the reasons set forth below, the Court finds that the motion should be **DENIED**.

Plaintiffs Rembrandt Patent Innovations, LLC and Rembrandt Secure Computing, LLC (collectively "Rembrandt") filed this suit for patent infringement on January 10, 2014 (Dkt. No. 1). The lone patent in suit, U.S. Patent No. 6,185,678 ("the '678 Patent"), concerns a method for securely booting a computer. Rembrandt accuses certain Apple products, such as iPhone and iPod devices. Rembrandt's principal place of business is Bala Cynwyd, Pennsylvania. It has no particular ties to either the Eastern District of California or the NDCA. Apple's headquarters is located in Cupertino, California—in the NDCA.

### I.      LEGAL STANDARDS

28 U.S.C. section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*).

Once that threshold is met, the movant has the burden of proving that the transferee venue is "clearly more convenient" than the transferor venue.  *In re Nintendo*, 589 F.3d 1194, 1200 (Fed. Cir. 2009); *In re TS Tech*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*).  In this regard, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case.  *See Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.  The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319; *Volkswagen I*, 371 F.3d at 203.  The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319; *Volkswagen I*, 371 F.3d at 203.  Though

the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314-15.

## II.    ANALYSIS

### A.  Availability of the Transferee Venue

As noted above, Apple is a California corporation headquartered in the NDCA. This case could therefore have been brought originally in the NDCA, a fact which is not in dispute. *See In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009).

### B.  Private Interest Factors

#### 1.  *Relative Ease of Access to Sources of Proof*

This being a patent case, it is likely that the bulk of the relevant evidence in this action will come from ASUS. *See In re Genentech*, 566 F.3d at 1345. Apple's relevant documentary evidence is located in or near its Cupertino headquarters (Dkt. No. 22-1).

Rembrandt does not seem to have substantial documentary evidence of its own, but argues that Apple and third parties in the Eastern District of Texas will have evidence relevant to this case (Dkt. No. 24, at 11). Rembrandt's claims are plausible, but ultimately it is reasonable to expect the bulk of the relevant evidence to come from the NDCA.

The Court thus finds that this factor weighs against transfer. The Court notes, however, that given the ease in the modern era of transferring electronic data from one place to another, this factor weighs only slightly in its decision.

#### 2.  *Availability of Compulsory Process*

Under Federal Rule of Civil Procedure 45 (as recently amended), this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense. Fed. R. Civ. P. 45(c)(1)(B). Similarly, the Court may

enforce any subpoena for a deposition to be taken within its boundaries, provided that the deposition is taken no more than 100 miles from a location where the person resides, is employed, or regularly transacts business in person. *See id.* at (a)(2), (c)(1)(A), (d)(3)(a); *Ingeniador, LLC v. Adobe Systems Inc.*, 2014 WL 105106, No. 2:12-cv-805-JRG (E.D. Tex. Jan. 9, 2014). Rule 45, however, makes compulsory process for deposition effectively nationwide. Moreover, party witnesses do not require compulsory process for trial and are not given much weight in this factor. *See Ingeniador*, *supra*. Rather, the focus of this factor is on witnesses for whom compulsory process to attend trial might be necessary.

Apple argues that compulsory process will be required to obtain the testimony of five attorneys and patent agents who prosecuted certain Apple patents that form the basis of Rembrandt's willfulness allegations (Dkt. No. 22, at 7-9). Given its extensive experience with patent trials, the Court is skeptical of the notion that these witnesses will play an important role in this case. However, it does recognize that compulsory process to appear at trial would be available for these witnesses in the NDCA.

In contrast, Rembrandt identifies several third parties as being potential witnesses in the case. In particular, it argues that manufacturers of certain components used in the accused products will be relevant to the case (Dkt. No. 24, at 4-6). The Court views these claims with roughly the same skepticism it brings to Apple's potential third parties, but notes that compulsory process would not be available for these witnesses in the NDCA.

Weighing all considerations of available compulsory process, the Court finds that this factor is neutral.

*3.   Cost of Attendance for Willing Witnesses*

The cost of attendance for willing witnesses is another key factor in the Court's analysis. As noted above, Apple's headquarters is in Cupertino, California. Many, if not all, of the Apple employees with information relevant to this case are located in or near the Northern District of California (Dkt. No. 22-1). Rembrandt, in contrast, is located in Pennsylvania. Moreover, the inventors of the patent in suit and its patent prosecution counsel reside in Virginia, Maryland, and New Jersey, as well as Pennsylvania (Dkt. No. 24, at 13).

Apple employees from northern California would face substantial costs in traveling to the Eastern District of Texas for trial. However, if the court were to transfer this case, roughly equivalent costs would be imposed on Rembrandt's witnesses.

Transferring this case would, at best, merely redistribute the inconvenience of travel among the parties; at worst, a transfer might substantially increase the cost of attendance for willing witnesses. *Cf. Thomas Swan & Co., Ltd. v. Finisar Corp.*, 2014 WL 47343, No. 2:13-cv-178-JRG (E.D. Tex. Jan. 6, 2014). Having considered the evidence, the Court finds that this factor is neutral.

*4.   Other Practical Problems*

Neither party suggests other practical considerations which would weigh for or against transfer, and none is evident to the Court.

C.   Public Interest Factors

*1.   Local Interest*

Apple argues, that the NDCA has a particular local interest in protecting intellectual property rights that stem from research and development in Silicon Valley. *Cf. Affinity Labs of Tex. v. Samsung Elecs. Co., Ltd.*, 2013 WL 5508122, No. 1:12-cv-557-RC (E.D. Tex. Sept. 18,

2013). The Court has previously been highly skeptical of arguments that a particular jurisdiction has a "local interest" that amounts to a bias in its jury pool. *See Ingeniador*, 2014 WL 105106, at *3-4. A predisposition toward one party, independent of the merits of the case, cannot be the kind of "local interest" cognized by the federal rules, and this Court gives this consideration no weight in its analysis. The Court finds that this factor is neutral.

### 2. *Other Public Interest Factors*

Both parties agree that other public interest factors are neutral. The Court sees no reason to disagree with this conclusion.

Having considered all appropriate factors, the Court finds that neither jurisdiction is convincingly more convenient than the other. Apple has not shown that it would be clearly more convenient to transfer this case to the Northern District of California, and its request for a transfer must therefore be denied.

### III. <u>CONCLUSION</u>

The Court finds that the Northern District of California is not clearly a more convenient venue for this case. Having considered the matter carefully, the Court finds that Defendants' motion (Dkt. No. 22) should be and hereby is **DENIED**.

**So Ordered and Signed on this**

**Aug 1, 2014**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

6